IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

THE TRUSTEES OF COLUMBIA          )
UNIVERSITY IN THE CITY OF          )
NEW YORK and QIAGEN               )
SCIENCES, LLC,                     )
                                   )
                Plaintiffs,        )
                                   )
        v.                         )        Civil Action No. 19-1681-CFC/SRF
                                   )
ILLUMINA, INC.,                    )
                                   )
                Defendant.         )

### **MEMORANDUM ORDER**

Plaintiffs have a filed a motion for reconsideration of my construction of

part of the chemical structure for modified nucleotides claimed in the asserted

patents.  D.I. 63.  The term in question is "⌐Y⌐."  The chemical structure is:

I construed [⟨symbol⟩] to mean "a single linker that directly connects the base to the label." D.I. 60 at 2. (The label refers to the depicted "Tag,"; the base refers to the rest of the claimed molecule.)

A motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

Plaintiffs argue that my construction will result in a manifest injustice because "it would unfairly permit Illumina to achieve different claim constructions under the same *Phillips* standard for purposes of infringement and invalidity." D.I. 63 at 3–4. Specifically, they allege that Illumina has made statements in pending Inter Partes Review (IPR) proceedings before the United States Patent & Trademark Office (PTO) and in its invalidity contentions in this case that "use[ ] a construction of [⟨symbol⟩] that includes linkers [i.e., plural] made of multiple chemical groups." *Id.* at 5.

I don't see a manifest injustice here. I have not yet had to address arguments about the invalidity of the asserted patents. If we reach the point where I do entertain arguments about invalidity, I will construe [⟨symbol⟩] to mean "a single linker that directly connects the base to the label." That construction will effectively preclude a party from making an invalidity argument based on a construction of

⊥Y⊤ that includes more than one linker.  It will not preclude a party from making

an invalidity argument based on a construction of ⊥Y⊤ that includes a linker made

of "multiple chemical groups" unless the "multiple chemical groups" constitute

one or more linkers.

Plaintiffs' next argument reads as follows:

> Plaintiffs believe the Court misunderstood their position
> with respect to "linker."  During the hearing, the Court
> stated that the patent owner had not made it clear whether
> "linker" was "the overall structure that lies between and
> connects the tag to the base, or . . . a subgroup within that
> overall structure." (Ex. 1 at 53:22-54:5.)  But plaintiffs
> did not seek to construe "linker" or "subgroups."

*Id*.  The last sentence of this syllogism is a non sequitur.  And even though I do not

think it can be credibly asserted that I was unaware that Plaintiffs had not sought a

construction of "linker," I will state explicitly for the record that I was well aware

that Plaintiffs did not seek a construction of "linker."  There was no

misunderstanding on my part in that regard.

The problem for Plaintiffs is that the construction of ⊥Y⊤ depends on the

meaning of "linker."  As Plaintiffs noted in the Joint Claim Construction Brief,

"[t]he claim language states that '[⊥Y⊤] *represents* a chemically cleavable,

chemical *linker*.'"  D.I. 54 at 23 (quoting claim #458 Patent, claim 1) (emphasis

added).  Given that language and the substance of the arguments made by the

parties in the Joint Claim Construction Brief with respect to ⊥Y⊤, I stated at the

3

outset of the *Markman* hearing that even though the parties asked me to construe

⟨Y⟩, "I wonder whether the disputed term is really linker." Tr. 5:19–20.  Counsel

for Plaintiffs responded that he thought "⟨Y⟩ is the right term" to construe, but he

acknowledged that ⟨Y⟩ and linker "are linked together." Tr. 5:24–25.

   Three undisputed facts made it necessary for me to construe "linker."  First,

neither the claims nor the written descriptions of the asserted patents define

"linker."  Second, artisans of ordinary skill sometimes define a linker as being

comprised of multiple linkers.  *See, e.g.,* D.I. 63 at 2 n.1 (Plaintiffs noting in their

motion that "[an] [artisan of ordinary skill] understands that a 'single linker' . . . is

typically made from smaller chemical groups *that can also be referred to as*

*linkers.*" (emphasis added)); *see also id.* at 9 (noting that "[t]he Court got it right

when it suspected [that] 'everybody knows linker *can* include multiple linkers"

(emphasis added)).  That means necessarily that artisans of ordinary skill also

understand that "linker" can describe a chemical group that does not contain within

itself a separate linker.  Third, the parties dispute whether the claimed linker

"represent[ed]" by ⟨Y⟩ has at least one smaller chemical group that is itself a

linker.  Illumina takes the position that ⟨Y⟩ must be a single linker—i.e., it cannot

consist of any smaller chemical group that is itself a linker.  Plaintiffs take the

position that ⟨Y⟩ is not limited to a single linker and can contain chemical

subgroups that are themselves linkers.  As I explained at the *Markman* hearing, I

think that the intrinsic evidence, and particularly the patent owner's representation to the PTO that "the [disputed] claim . . . requires one linker (Y), not two linkers (Y Y)," D.I. 55 at JA0095, favors Illumina.

With one exception, Plaintiffs' remaining arguments in support of their motion simply regurgitate the arguments Plaintiffs made in their share of the 113-page Joint Claim Construction Brief and at the *Markman* hearing.  The arguments are therefore improper.  *Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999) (a motion for reconsideration "should not be used to rehash arguments already briefed").  The exception is Plaintiffs' new argument that the construction of ⟨Y⟩ I adopted will exclude all embodiments.  Plaintiffs argued in their claim construction briefing that the construction would read out two embodiments; and at the *Markman* hearing, they argued that my construction would read out three embodiments.  When I noted at the *Markman* hearing that there were at least ten embodiments that used a single linker, Plaintiffs did not disagree; nor did they argue that all those embodiments would be excluded by the construction I adopted.  Plaintiffs have offered no justification for why they failed to raise this argument in timely fashion.  And, in any event, Plaintiffs have not explained how every embodiment would be excluded my construction of ⟨Y⟩.

NOW THEREFORE, in Wilmington this Seventh day of December in 2020, for the reasons just stated, Plaintiffs' motion for reconsideration (D.I. 63) is DENIED.

_____
United States District Judge