MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

(302) 658-9200
(302) 658-3989 FAX

JACK B. BLUMENFELD
(302) 351-9291
(302) 425-3012 FAX
jblumenfeld@morrisnichols.com

February 12, 2021

The Honorable Colm F. Connolly  *VIA ELECTRONIC FILING*
United States District Court
  for the District of Delaware
844 North King Street
Wilmington, DE  19801

Re: *The Trustees of Columbia University in the City of New York v. Illumina, Inc.*
C.A. No. 19-1681 (CFC) (SRF)

Dear Judge Connolly:

We write on behalf of Plaintiffs The Trustees of Columbia University in the City of New York ("Columbia") and QIAGEN Sciences, LLC ("QIAGEN) (collectively, "Plaintiffs") to request that the Court address Plaintiffs' motion to stay pending *inter partes* review (D.I. 81) on an expedited basis. The Plaintiffs' motion is fully briefed.

Plaintiffs request the Court's expedited consideration in view of the decision by Judge Fallon yesterday granting Defendant Illumina's motion to compel the depositions of five of Plaintiffs' witnesses in the next 30 days. *See* Ex. A (Feb. 11, 2021 Teleconference Tr.); Ex. B (Illumina's Feb. 8, 2021 Discovery Dispute Ltr. (D.I. 91)); and Ex. C (Plaintiffs' Feb. 9, 2021 Responsive Discovery Dispute Ltr. (D.I. 92)). Noting that the decision was "by no means an easy [one] to make," Ex. A at 36:6–7, Judge Fallon stated that she ruled as she did because she would otherwise effectively be granting Plaintiffs' stay motion herself and, in the process, would improperly usurp Your Honor's right to decide that motion. *See id.* at 36:8–16. Accordingly, Judge Fallon ruled that Plaintiffs must produce one of the inventors of the patents-in-suit (Dr. Jingyue Ju) for deposition within 14 days from February 11 and the other four deponents within 30 days, unless Your Honor stays the case in the interim. Ex. A at 35:17–36:4.

Plaintiffs appreciate Judge Fallon's ruling, as well as the discretionary nature of the decision and the principles underpinning it. By this letter, Plaintiffs do not object to Judge Fallon's Order under Rule 72 of the Federal Rules of Civil Procedure, or seek to delay its effectuation in any way. Rather, Plaintiffs simply and respectfully request that the Court rule on the pending stay motion on an expedited basis and before the ordered depositions are to start in

The Honorable Colm F. Connolly
February 12, 2021
Page 2

less than two weeks. It was Illumina that availed itself of the IPR process—one that is intended to "limit unnecessary and counterproductive litigation costs." 77 F. Reg 48680-01 (Aug. 14, 2012). Under these circumstances, and with IPRs instituted on all five of the now-expired patents-in-suit, Plaintiffs submit that there remains no good reason for the parties to proceed full-throttle with discovery in this case at this time. Indeed, doing so places a significant burden on Plaintiffs to pull double duty—namely, handling the rushed discovery demands while at the same time handling IPR deposition work and the drafting of the IPR responses, which must be completed by March 29.

  Accordingly, Plaintiffs request that the Court address their pending motion for stay on an expedited basis.

Respectfully,

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)

JBB/bac
Attachments

cc: All Counsel of Record (via electronic mail; w/attachments)