IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK and QIAGEN SCIENCES, LLC, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 19-1681-CFC/SRF |
| ILLUMINA, INC., | ) ) | |
| Defendant. | ) | |

## ORDER

Plaintiffs The Trustees of Columbia University in the City of New York and QIAGEN Sciences, LLC have moved to stay this action pending the final resolution of the inter partes review (IPR) proceedings recently instituted for each of the five asserted patents. D.I. 81. Defendant Illumina, Inc. opposes the stay motion.

The parties agree that courts typically consider three factors when deciding whether to stay litigation pending an IPR: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2)

whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.

Here, a stay would unduly prejudice and present a clear tactical disadvantage to Illumina. Plaintiffs filed this lawsuit more than a year ago. Illumina is now days away from deposing the key inventors of the asserted patents. The inventions purportedly were made in 2000—more than 20 years ago. Memories fade, and Illumina's desire to preserve this important evidence as soon as possible is more than reasonable. Further delay of the depositions is unfairly prejudicial and counsels against a stay.

Second, Plaintiffs have not met their burden of establishing that a stay will simplify the issues in question or trial. Most importantly in this regard, I am persuaded that my claim construction of a key term will result in § 112 invalidity and noninfringement theories that will not be resolved by the IPRs.

Third, although discovery is not complete, there has been substantial discovery already and, as just noted, important depositions have been scheduled for the coming weeks (and will proceed per the Magistrate Judge's recent order). The fact that I have twice engaged in claim construction (because of Plaintiffs' motion for reconsideration) strongly disfavors a stay.

In short, Plaintiffs have not established to my satisfaction that I should exercise my discretion and stay the case.

Now therefore, at Wilmington on this Eighteenth day of February in 2021, Plaintiffs' motion to stay (D.I. 81) is DENIED.

_____
United States District Judge